IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY M. GREEN, SR., )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:17CV574–HEH
)
TIMOTHY DOSS, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting in Part and Denying in Part Motion to Dismiss)

Anthony M. Green, Sr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The action proceeds on Green's Particularized Complaint ("Complaint," ECF No. 18). Green claims that his constitutional rights were violated because he was not permitted to marry during his incarceration at the Middle Peninsula Regional Security Center ("MPRSC"). (*See id.* at 1–2.) Green names Superintendent Timothy Doss ("Superintendent Doss") and Major T. A. Proctor ("Major Proctor") as Defendants (collectively "Defendants"). (*Id.* at 1.) Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 27.) Green filed a Response. (ECF No. 29.) For the reasons stated below, the Motion to Dismiss (ECF No. 27) will be granted in part and denied in part.

### I. PRELIMINARY REVIEW AND STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see*

28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of a complaint. Such challenges can be facial, asserting that the facts as pled fail to establish jurisdiction, or factual, disputing the pleadings themselves and arguing that other facts demonstrate that no jurisdiction exists. *Lufti v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013) (citing *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009)). If a defendant raises a factual challenge, "the district court may then go beyond the allegations of the complaint and resolve the

3

jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of proof to preserve jurisdiction. *Jadhav*, 555 F.3d at 348; *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## II. SUMMARY OF ALLEGATIONS

When Green submitted his original complaint, he was incarcerated at MPRSC. (ECF No. 1, at 3.) Shortly after submitting his original complaint, Green submitted a Notice of Change of Address to the Court, indicating that he had been transferred to Haynesville Correctional Center. (ECF No. 6.)

Green contends that "Mr. Doss continuously denied my request to get married, which is a violation of my fundamental and constitutionally protected rights." (Compl. 2.)[1] Green states:

> In March 2017, I place[d] a request in to be married at Middle Peninsula Regional Security Center. My request was denied by the Superintendent Timothy Doss, reason being, Mr. Doss doesn't allow marriages to be conducted at his facility.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to Green's submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Green's submissions.

4

> In April 2017, I met with Mr. Doss about me getting married in the facility and he stated he doesn't allow marriages and there is no law that compels him to approve marriages.
>
> In May 2017, I filed a grievance and on June 15, 2017, Major Proctor responded stating that Mr. Doss stated that he would allow marriages but Mr. Doss continued to deny me the right to marry, reason being, that he was waiting for his attorney to change [the] policy.
>
> In August 2017, I spoke with Mr. Doss, for the last time, and he stated he had more important things to do and he will not allow me to get married at his facility, even if I pay for all expenses.
>
> In September 2017, under Emergency Transfer, I was moved to the Department of Correction[s] which was Haynesville Correctional Center.

(*Id.* at 1–2 (paragraph numbers omitted).)

Green contends that as a result of these actions, there was an "Equal Protection violation/Due Process [violation]." (*Id.* at 1.) As relief, Green demands "monetary damages in the amount of $300,000 for the pain and suffering," explaining that "[d]ue to our religion, without being married has drawn a wedge in my relationship." (*Id.* at 3.) Green also demands "punitive damages for violating well-established constitutional law in the amount of $300,000." (*Id.*)

The Court construes Green to raise the following claims for relief:

Claim One: Superintendent Doss violated Green's right to due process guaranteed by the Fourteenth Amendment[2] by denying Green's requests to marry.

Claim Two: Superintendent Doss violated Green's rights under the Equal Protection Clause of the Fourteenth Amendment[3] by denying Green's requests to marry.

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

Claim Three: Major Proctor denied Green's rights to equal protection and due process guaranteed by the Fourteenth Amendment when Major Proctor responded to Green's grievance.

## III. DEFENDANTS' ARGUMENTS FOR DISMISSAL

Defendants argue that Green's claims should be dismissed because:

(1) Green's claims are "moot because MPRSC policy was changed to allow an inmate to marry while Green was confined there," and therefore, the Court lacks subject matter jurisdiction over Green's claims; (2) Green fails to show any physical injury; and, (3) Green fails to allege that Major Proctor was personally involved in the deprivation of his constitutional rights. (Mem. Supp. Mot. Dismiss 5–7, ECF No. 28 (emphasis omitted).) For the reasons stated below, the Motion to Dismiss will be granted in part and denied in part.[4]

### A. Lack of Jurisdiction

Defendants first argue that Green has failed to meet his burden to establish that the Court has subject matter jurisdiction over his claims because his "lawsuit presents no actual case or controversy . . . due to the change in [MPRSC's marriage] policy." (*Id.* at 6.) Specifically, Defendants argue that "[Green] admits in his [C]omplaint and as evidenced by the affidavits provided by the Defendants and the response to Green's grievance, while Green was confined the marriage policy was changed to

---

[4] Defendants attached their own affidavits and grievance forms to the Motion to Dismiss. As a general rule, courts should not rely on extrinsic evidence in ruling on a Motion to Dismiss under Rule 12(b)(6). *See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Courts may consider evidence outside of the pleadings on a Rule 12(b)(1) motion; however, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted).

allow him to marry."[5] (*Id.*) However, in Green's Complaint, he alleges that after he learned that the marriage policy would be changed in July of 2017, "Mr. Doss continued to deny me the right to marry." (Compl. 1–2.) Green also alleges that "[i]n August 2017, I spoke with Mr. Doss, for the last time, and he stated he had more important things to do and he will not allow me to get married." (*Id.* at 2.)

"Standing is a jurisdictional matter. 'Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citation omitted). To satisfy the constitutional standing requirement, a plaintiff must demonstrate: (1) "an 'injury in fact'"; (2) "a causal connection between the injury and the conduct complained of"; and, (3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted).

In resolving a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), courts may look beyond the allegations of the complaint. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337,

---

[5] Defendants also contend that "Green himself informed Superintendent Doss that he had decided not to proceed with a marriage ceremony as previously requested." (Mem. Supp. Mot. Dismiss 6; *see* ECF No. 28-1, at 3.) Defendants fail to articulate, and the Court fails to discern, how Green's decision as to his marriage relates to Defendants' *jurisdictional* argument regarding the change in MPRSC's marriage policy. Moreover, in Green's Response, he states: "I never informed Mr. Doss that I decided not to pursue the matter any further." (Resp. 2, ECF No. 29.) Although the Court may consider evidence outside of the pleadings on a Rule 12(b)(1) motion, the Court may not do so when the "material jurisdictional facts" are in dispute. *Evans*, 166 F.3d at 647 (citation omitted) (internal quotation marks omitted).

348 (4th Cir. 2009) (citations omitted). However, courts may not look beyond the allegations of the complaint if "the jurisdictional facts are intertwined with the facts central to the merits of the dispute." *Id.* (citations omitted) (internal quotation marks omitted); *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) ("In recent years, the Supreme Court has cautioned against 'drive-by jurisdictional rulings,' that dismiss a claim 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." (internal citations omitted)).

In this case, although Green acknowledges that he was informed that MPRSC's marriage policy would be changed to allow marriages, Green alleges that "Mr. Doss continued to deny me the right to marry." (Compl. 1–2.) Therefore, Green's claim that he continued to be denied the right to marry after MPRSC changed its marriage policy is not moot, and dismissal for lack of subject matter jurisdiction on the basis of standing is not appropriate. *Cf. Holloway*, 669 F.3d at 452 ("The failure to state the elements of a federal claim can form the basis for a Rule 12(b)(1) motion 'only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (citations omitted) (some internal quotation marks omitted)). Accordingly, the Motion to Dismiss the Complaint for lack of jurisdiction will be denied.

### B. No Physical Injury

Defendants also argue that Green fails to allege any entitlement to relief because he alleges no physical injury as required to recover damages by the PLRA, 42 U.S.C. § 1997e(e). (Mem. Supp. Mot. Dismiss 7.) The pertinent statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Defendants contend that, at most, Green has alleged that he suffered an "amorphous injury [that] cannot be deemed to be other than mental or emotional in nature," and that "[a]bsent a showing of physical injury, § 1997e(e) bars an inmate from seeking compensatory damages." (Mem. Supp. Mot. Dismiss 7 (citation omitted) (internal quotation marks omitted).) However, Green seeks general damages and punitive damages, and Defendants fail to sufficiently address why the PLRA limits other types of recovery such as nominal or punitive damages. Indeed, courts have found that Congress did not intend section 1997e(e) to bar recovery for all forms of relief. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (citations omitted) (allowing recovery for nominal and punitive damages under § 1983); *see Wilcox v. Brown*, 877 F.3d 161, 169–70 (4th Cir. 2017) (citations omitted) (explaining that "in the context of § 1997e(e), [the Fourth Circuit's] precedent . . . does not foreclose the possibility that [an inmate-plaintiff] may prove entitlement to compensatory damages"); *Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) (explaining that while "§ 1997e(e) foreclosed claims for

both compensatory and punitive damages[,] .... [n]ominal damages, however, are not precluded").

Moreover, the Court construes Green to bring his claims under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. Defendants fail to adequately address the applicability of § 1997e(e) to Fourteenth Amendment claims. *See Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) ("To the extent that [an inmate's] claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred."). *But cf. Logan*, 604 F. App'x at 840–41 (finding no entitlement to compensatory or punitive damages for First Amendment claim because there was no allegation of physical injury). Accordingly, the Motion to Dismiss on the basis that Green failed to allege a physical injury will be denied.

### C. No Personal Involvement by Major Proctor

Finally, Defendants argue that Green's claims against Major Proctor should be dismissed because "Green has made no allegation that Major Proctor personally took actions to deprive him of the right to marry." (Mem. Supp. Mot. Dismiss 7.) To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). That is, "a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted).

With respect to Major Proctor, Green alleges, in sum, that "[i]n May 2017, I filed a grievance and on June 15, 2017, Major Proctor responded stating that Mr. Doss stated that he would allow marriages[.]" (Compl. 1.) Green does not articulate, and the Court fails to discern how Major Proctor's response, which advised Green that marriages would be permitted, *deprived* him of a constitutional right or of a right conferred by a law of the United States.[6] (*See id.* at 1–2); *see also Dowe*, 145 F.3d at 658. Because Green fails to allege facts that plausibly suggest that Major Proctor was personally involved in the deprivation of Plaintiff's constitutional rights, Green's claims against Major Proctor, which are set forth in Claim Three, will be dismissed without prejudice.

### IV. COURT'S REVIEW UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

In Claim Two, Green contends that Superintendent Doss violated his right to equal protection guaranteed by the Fourteenth Amendment by denying Green's requests to marry. The Equal Protection Clause of the Fourteenth Amendment commands that

---

[6] Moreover, "inmates do not have a constitutionally protected right to a grievance procedure," and "there is no liability under § 1983 for a prison administrator's response to a grievance or appeal." *Brown v. Va. Dep't of Corr.*, No. 6:07CV00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.3d 728, 729 (8th Cir. 1991)).

11

similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Green must allege facts that indicate: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Green's equal protection claim fails at the first step. Green fails to identify a comparator inmate who was similarly situated and treated differently. Accordingly, Claim Two will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## V. CONCLUSION

The Motion to Dismiss (ECF No. 27) will be granted in part and denied in part. The claims against Major Proctor, which are set forth in Claim Three, will be dismissed without prejudice. Claim Two will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. The action will proceed solely on Claim One against Superintendent Doss. Any party wishing to file a dispositive motion must do so within sixty (60) days of the date of entry hereof.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: Feb 28, 2015
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia